# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-893-DDN |
| ) | |
| TROY GLAKEN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint and request for leave to proceed *in forma pauperis*, filed by Joseph Michael Devon Engel, prison registration number 1069055.[1] Plaintiff's request will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

## Background

On September 3, 2020, plaintiff began filing civil actions *pro se* in this Court, each time seeking leave to proceed *in forma pauperis*. His first case, a petition for habeas corpus relief under 28 U.S.C. § 2254, was dismissed on December 14, 2020 due to his failure to exhaust available state remedies. *Engel v. Payne*, No. 4:20-cv-1211-DDN, ECF No. 8 (E.D. Mo. Sept. 3, 2020). Subsequently, he began filing prisoner civil rights complaints pursuant to 42 U.S.C. § 1983. For the most part, he submitted his pleadings in bulk, and stated he intended each set of pleadings to be docketed as an individual civil action.

In many of his complaints, plaintiff listed numerous entities and officials identified only by generic job titles, and sought trillions of dollars in damages against them based upon wholly

---

[1] Plaintiff has not filed a separate Application to Proceed in District Court Without Prepaying Fees or Costs. Instead, he included such request in the body of the complaint.

conclusory and nonsensical allegations. *See, e.g., Engel v. Corizon*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); *Engel v. CO1*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name). Plaintiff often sought forms of relief that were unrelated to his claims (such as stocks, properties, outfitted luxury vehicles, and college scholarships) from multiple defendants and non-parties, and he sought relief on behalf of individuals other than himself. *See e.g., Engel v. CO1, et al.,* No. 4:20-cv-1620-NCC (E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"); *Engel v. USA*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus*, No. 4:20-cv-1911-AGF (E.D. Mo. Dec. 11, 2020) (seeking 8900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies). Plaintiff referenced, and appeared to at least partially base his entitlement to relief upon, his alleged status as a "sovereign citizen." *See e.g., Engel v. Governor of Missouri*, No. 1:20-CV-217-HEA (E.D. Mo. Oct. 7, 2020).

The cases that were reviewed pursuant to 28 U.S.C. § 1915(e)(2) were dismissed, either for one of the reasons articulated therein[2] or because plaintiff failed to comply with Court orders. In *Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. Sept. 15, 2020), the Honorable Henry Edward Autrey cautioned plaintiff to avoid the practice of repeatedly filing frivolous and

---

[2] For example, in many of plaintiff's actions, the Court determined his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), and also determined many complaints were subject to dismissal as malicious based upon the nature of his pleadings and his abusive litigation practices. *See e.g., Engel v. Prob. & Parole of Mo.*, No. 4:20-cv-1740-DDN, ECF No. 5 at 6 (E.D. Mo. dismissed Dec. 22, 2020) (listing twenty-nine of Mr. Engel's cases naming Missouri Department of Corrections as a defendant); *Engel v. Corizon*, No. 4:20-cv-1812-NAB, ECF No. 4 at 8-9 (E.D. Mo. dismissed Jan. 6, 2021) (discussing Mr. Engel's litigation practices as part of an attempt to harass named defendants and not a legitimate attempt to vindicate a cognizable right).

malicious complaints. Judge Autrey explained that doing so amounted to abusive litigation practices, and could affect plaintiff's future eligibility to proceed *in forma pauperis* as well as potentially subject him to sanctions. Nevertheless, plaintiff continued the practice. As of December 21, 2020, he was subject to 28 U.S.C. § 1915(g). To date, in the cases he has filed since that time, he has been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and his cases have been dismissed without prejudice to the filing of a fully-paid complaint.

As of December 31, 2020, plaintiff filed more than 130 civil actions. Additionally, the Court has received civil rights complaints that were filed by prisoners other than plaintiff, but were in plaintiff's handwriting and contained allegations and prayers for relief similar to those plaintiff asserted in actions he filed on his own behalf. *See e.g., Herron v. ERDCC et al.,* No 4:21-cv-527-NAB (E.D. Mo. May 3, 2021). On June 9, 2021, plaintiff began filing new civil complaints pursuant to 42 U.S.C. § 1983 on his own behalf, including the one at bar. These new complaints mirror the ones described above. In sum, plaintiff has flagrantly disregarded this Court's prior caution to avoid engaging in abusive litigation practices.

**The Complaint**

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against Troy Glaken and Dittmer Towing. He identifies himself by name and as "Sovereign Citizen Missouri." He claims that in 2008 or 2009, Mr. Glaken stole his vehicle and lied. He identifies his injuries as "Civil Rights, Civil Liberty Rights, Freedom, Health, PTSD." As relief, he seeks "125 million plus ownership of Towing and all property in his and family names [except] Todd Glakens keeps his place."

**Discussion**

3

As discussed above, plaintiff is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[3] The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1763 (2015). Therefore, plaintiff may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The instant complaint contains no allegations establishing that plaintiff is under imminent danger of serious physical injury. Therefore, he may not proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(g). Even if plaintiff were allowed to proceed *in forma pauperis* in this matter, the complaint would be dismissed because it is frivolous, malicious, and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's request for leave to proceed *in forma pauperis* will be denied, and this case will be dismissed. The Court will instruct the Clerk of Court to request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $402 civil filing fees are paid in full.

**Plaintiff is once again advised that his litigation practices are abusive, and he is**

---

[3] *See Engel v. Governor of Missouri, et al.,* No. 1:20-cv-217 HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742 MTS (E.D. Mo. Dec. 18, 2020); *Engel v. Missouri Courts, et al.,* No. 4:20-cv-1258 SPM (E.D. Mo. Dec. 21, 2020).

4

**cautioned to avoid such practices in the future. For each such complaint plaintiff files, the Court will instruct the Clerk of Court to begin debiting his prison account to pay the civil filing fees. Plaintiff is further cautioned that the Court may impose monetary sanctions upon him if he continues his abusive litigation practices in the future.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may not proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the full $402 civil filing fees are paid in full.

Dated this 24th day of July, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE